J. S07032/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
v.   :
  :
TYREE DOCKERY,   :   No. 2063 EDA 2017
  :
Appellant   :

Appeal from the PCRA Order, April 12, 2017,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0004934-2012

BEFORE:  BENDER, P.J.E., PANELLA, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:     **FILED MARCH 28, 2018**

Tyree Dockery appeals ***pro se*** from the April 12, 2017 order denying

his petition for relief filed pursuant to the Post-Conviction Relief Act ("PCRA"),

42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the relevant facts of this case in its April 12,

2017 opinion, and we need not reiterate them here.  (***See*** PCRA court opinion,

4/12/17 at 2-3.)  The relevant procedural history of this case is as follows:

> On March 1, 2012, [appellant] was arrested and
> charged with murder and related offenses.  On
> January 6, 2014, [appellant] appeared before th[e
> trial c]ourt and elected to be tried by a jury.  On
> January 13, 2014, the jury convicted [appellant] of
> Third-Degree Murder, Firearms Not to be Carried
> Without a License, and Possession of an Instrument of
> Crime ("PIC").
>
> On April 11, 2014, th[e trial c]ourt sentenced
> [appellant] to twenty to forty years['] imprisonment

> for Third-Degree Murder, and a consecutive term of two and-a-half [sic] to five years for Firearms Not to be Carried Without a License, for a total sentence of twenty-two and-a-half [sic] to forty-five years['] imprisonment.
>
> On May 8, 2014[, appellant] filed a Notice of Appeal. On December 4, 2014, the Superior Court affirmed his judgment of sentence. [*See Commonwealth v. Dockery*, 116 A.3d 678 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 114 A.3d 1038 (Pa. 2015).] On April 14, 2015, our Supreme Court denied his Petition for Allowance of Appeal. [*Id.*]
>
> On April 4, 2016, [appellant] filed a timely *pro se* [PCRA] petition. On October [28], 2016, PCRA counsel, [James Berardinelli, Esq.,] entered his appearance. On February 16, 2017, PCRA counsel—finding the petition meritless—filed a no-merit letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and a Motion to Withdraw.

*Id.* at 1-2 (footnotes omitted).

On March 2, 2017, the PCRA court provided appellant with notice of its intention to dismiss his petition without a hearing, pursuant to Pa.R.Crim.P. 907(1). Appellant filed a response to the PCRA court's Rule 907 notice on March 21, 2017. On April 6, 2017, the PCRA court conducted a hearing that was limited to addressing the additional claims appellant raised with respect to PCRA counsel in his Rule 907 response. Thereafter, on April 12, 2017, the PCRA court granted PCRA counsel permission to withdraw and formally dismissed appellant's petition without an evidentiary hearing. This timely *pro se* appeal followed on May 10, 2017. The record reflects that

the PCRA court did not order appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant raises the following issues for our review:

[1.] [Whether t]rial counsel[1] was ineffective for failing to interview and call [a]ppellant's alibi witnesses, and PCRA counsel was ineffective for failing to zealously and thoroughly investigate the claim when witnesses were brought to both counsel's attention and were available for interview and to testify, which prejudiced [a]ppellant and amounted to ineffective assistance of both counsels?

[2.] [Whether t]rial counsel was ineffective for failing to challenge the Commonwealth's due diligence in bringing [a]ppellant to trial within 365 days pursuant to Rule 600, in a violation of the Speedy Trial Rights, and rendered incompetent counsel in failing to file a motion for dismissal and in raising the same as [a]ppellant's direct appeal counsel, and PCRA counsel rendered incompetent counsel in failing to raise the issue in PCRA proceedings through amendment, where PCRA counsel filed a no-merit letter when the issue has arguable merit?

[3.] [Whether d]irect appeal counsel was ineffective for failing to raise the illegality of [a]ppellant's sentence under the new rule pronounced in **Alleyne v. United States**[, 570 U.S. 99 (2013)]?

[4.] [Whether t]he Commonwealth violated **Brady v. Maryland**[, 373 U.S. 83 (1963),] by failing to disclose secretive agreement/deal made with the Commonwealth's witness prior to [a]ppellant's trial, in exchange for witness's

---

[1] Appellant was represented at trial and on direct appeal by William L. Bowe, Esq. (hereinafter, "trial counsel").

testimony, which was never disclosed to trial counsel, and trial counsel was ineffective for not objecting and impeaching the witness's credibility, which was a factor before the jury and would have changed the outcome of the proceedings?

[5.] [Whether t]he [t]rial [c]ourt erred when it dismissed [a]ppellant's [PCRA petition] without an Evidentiary Hearing relative to [a]ppellant's claims of ineffective assistance of counsel despite a counseled "no-merit" letter filed by appointed counsel, wherein [a]ppellant's claims were not "patently frivolous" and, if proven, would have entitled [a]ppellant to relief?

Appellant's brief at 7-8.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Patterson**, 143 A.3d 394, 397 (Pa.Super. 2016) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). Lastly, we note that where the PCRA court has dismissed a petitioner's petition without conducting an evidentiary hearing, as was the

case here, we review the PCRA court's decision for an abuse of discretion. *See Commonwealth v. Roney*, 79 A.3d 595, 604 (Pa. 2013) (citation omitted), *cert. denied*, 135 S.Ct. 56 (2014).

Here, appellant's first two claims concern PCRA counsel's purported ineffectiveness in failing to raise various allegations of ineffectiveness on the part of trial counsel. Generally, to prevail on a claim of ineffective assistance of counsel under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that counsel's ineffectiveness "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Specifically, a petitioner must establish the following three factors: "first[,] the underlying claim has arguable merit; second, that counsel had no reasonable basis for his action or inaction; and third, that Appellant was prejudiced." *Commonwealth v. Charleston*, 94 A.3d 1012, 1020 (Pa.Super. 2014) (citation omitted), *appeal denied*, 104 A.3d 523 (Pa. 2014). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa.Super. 2011) (citation omitted), *appeal denied*, 30 A.3d 487 (Pa. 2011). Additionally, we note that "counsel cannot be held ineffective for failing to pursue a meritless claim[.]" *Commonwealth v. Hall*, 867 A.2d 619, 632 (Pa.Super. 2005), *appeal denied*, 895 A.2d 549 (Pa. 2006).

Appellant first avers that trial counsel was ineffective in failing to interview and/or call various alibi witnesses, and that PCRA counsel should have "zealously and thoroughly investigate[d] t[his] claim." (Appellant's brief at 9.) Appellant also contends that trial counsel was ineffective in failing to allege a Rule 600[2] violation both at trial and on direct appeal, and that PCRA counsel should have raised this issue in an amended PCRA petition in lieu of petitioning to withdraw. (***Id.*** at 13.)

Our supreme court has set forth the proper framework for alleging a layered ineffective assistance of counsel claim in the context of the PCRA:

> Succinctly stated, a petitioner must plead in his PCRA petition that his prior counsel, whose alleged ineffectiveness is at issue, was ineffective for failing to raise the claim that the counsel who preceded him was ineffective in taking or omitting some action. In addition, a petitioner must present argument, in briefs or other court memoranda, on the three prongs of the [ineffectiveness] test as to each relevant layer of representation. . . . [T]his means that the arguable merit prong of the [ineffectiveness] test as to the claim that appellate counsel was ineffective in not raising trial counsel's ineffectiveness consists of the application of the three-prong [ineffectiveness] test to the underlying claim of trial counsel's ineffectiveness. If any one of the prongs as to trial counsel's ineffectiveness is not established, then necessarily the claim of appellate counsel's ineffectiveness fails. Only if all three prongs as to the claim of trial counsel's ineffectiveness are established, do prongs 2 and 3 of the [ineffectiveness] test as to the claim of appellate counsel's ineffectiveness have relevance, requiring a determination as to whether appellate counsel had a reasonable basis for his course of conduct in failing to raise a meritorious claim of trial counsel's

---

[2] Pa.R.Crim.P. 600, Prompt Trial.

> ineffectiveness (prong 2) and whether petitioner was prejudiced by appellate counsel's course of conduct in not raising the meritorious claim of trial counsel's ineffectiveness (prong 3).

*Commonwealth v. Reid*, 99 A.3d 470, 482 (Pa. 2014) (citation omitted).

Our review of appellant's *pro se* brief indicates that he has failed to properly raise his layered ineffectiveness claims by applying the three-prong ineffectiveness test to each level of representation. A determination that trial counsel rendered ineffective assistance is a prerequisite to finding that any subsequent counsel was himself ineffective, and no such findings were demonstrated in this case. *See Commonwealth v. Burkett*, 5 A.3d 1260, 1270 (Pa.Super. 2010). Accordingly, we conclude that appellant has waived his first two claims by failing to properly layer his distinct ineffectiveness claims.[3]

---

[3] In any event, we note that appellant's alibi claim would fail. "Where a[n appellant] claims that counsel was ineffective for failing to call a particular witness, we require proof of that witness's availability to testify, as well an adequate assertion that the substance of the purported testimony would make a difference in the case." *Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa.Super. 2013) (citation omitted; brackets in original). Here, the record reveals that appellant failed to identify the alleged alibi witness in his *pro se* PCRA petition, nor include any proof that indicated that said witness was willing and available to testify at the January 2014 trial, or what the substance of their testimony would be.

We further note appellant's contention that trial and PCRA counsel were ineffective in failing to pursue a Rule 600 challenge is also waived for failure to raise it in his *pro se* PCRA petition or his Rule 907 response. *See id.* at 585 (holding, *inter alia*, that appellant waived his claims he failed to raise in his *pro se* and amended PCRA petitions); *see also* 42 Pa.C.S.A. § 9544(b) (stating, "an issue is waived if the petitioner could have raised it but failed to

In reaching this decision, we note that appellant's status as a ***pro se*** litigant does not absolve him from responsibility for compliance with the rules.

> Although this Court is willing to liberally construe materials filed by a ***pro se*** litigant, ***pro se*** status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must . . . assume that his lack of expertise and legal training will be his undoing.

***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Appellant next argues that his sentence was illegal under ***Alleyne*** and its progeny and that direct appeal counsel was ineffective for failing to raise this claim. (Appellant's brief at 16.)

In ***Alleyne***, the United States Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Id.*** at 103 (citation omitted). Thereafter, in ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa.Super. 2014), ***affirmed***, 140 A.3d 651 (Pa. 2016), a panel of this court held that the version of mandatory minimum sentencing provisions set forth in 42 Pa.C.S.A. § 9718 that were in effect from January 1, 2007 until August 17, 2014, were unconstitutional in their entirety in light of ***Alleyne*** and its progeny. ***Wolfe***, 106 A.3d at 806,

---

do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

citing, *inter alia*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

Instantly, the record reflects that appellant's *Alleyne* claim is baseless because he was not subject to mandatory minimum sentencing provisions in this matter. As noted, appellant was sentenced to a term of 20 to 40 years' imprisonment for third-degree murder, and a consecutive term of 2½ to 5 years' imprisonment for carrying a firearm without a license, both within the statutory maximums. Appellant received no further penalty for PIC. Moreover, courts in this Commonwealth have recognized that *Alleyne* does not apply retroactively to cases on collateral review. *See Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that *Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review"); *Commonwealth v. Washington*, 142 A.3d 810, 814-815 (Pa. 2016) (holding that the *Alleyne* decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings). Accordingly, appellant's claim warrants no relief and direct appeal counsel was not ineffective for failing to pursue this meritless claim. *See Hall*, 867 A.2d at 632.

Appellant next argues that the Commonwealth violated *Brady* by failing to disclose that witness Freda Bradley was promised housing in exchange for her testimony. (Appellant's brief at 19.) In conjunction with this claim,

appellant contends that trial counsel was ineffective for failing to impeach Bradley's credibility at trial. (*Id.*) For the following reasons, we disagree.

In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Id.* at 87. Our supreme court has continually recognized that in order to establish the existence of a *Brady* violation, a defendant must establish: "(1) evidence was suppressed by the prosecution; (2) the evidence, whether exculpatory or impeaching, was favorable to the defendant; and (3) prejudice resulted." *Commonwealth v. Cousar*, 154 A.3d 287, 301 (Pa. 2017) (citation omitted).

> Prejudice is demonstrated where the evidence suppressed is material to guilt or innocence. Further, [f]avorable evidence is material, and constitutional error results from its suppression by the government, if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Koehler*, 36 A.3d 121, 133 (Pa. 2012) (citations and internal quotation marks omitted); *see also Commonwealth v. Roane*, 142 A.3d 79, 89 (Pa.Super. 2016) (stating, when a *Brady* claim is advanced under the PCRA, an appellant can only obtain relief by establishing that the alleged violation "so undermined the truth-determining process that no reliable

adjudication of guilt or innocence could have taken place." (citation and internal quotation marks omitted)).

Here, appellant failed to meet his burden of establishing that the omission of such evidence prejudiced him. As the PCRA court properly noted in its opinion:

> This claim warrants no relief as [appellant], offering no evidence that such a promise was offered, fails to plead and prove his claim. Even if such a promise were offered, [appellant] cannot show prejudice. Bradley recanted her statement to police at trial. Trial counsel used this recantation to support his case in his closing argument. N.T., 1/09/2014 at 151-52. Since Bradley recanted at trial, [appellant] cannot show that had the jury been aware of the alleged housing promise, there was a reasonable probability that the trial's outcome would have been different.

PCRA court opinion, 4/12/17 at 5 (case citation omitted). Accordingly, we decline to find that trial counsel was ineffective for failing to pursue this meritless *Brady* claim. *See Hall*, 867 A.2d at 632.

Lastly, appellant baldly contends that the PCRA court erred in dismissing his PCRA petition without conducting an evidentiary hearing. (Appellant's brief at 23.) We disagree.

This court has long recognized that there is no absolute right to an evidentiary hearing. *Commonwealth v. Hart*, 911 A.2d 939, 941 (Pa.Super. 2006) (citation omitted). "It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Commonwealth v. Wah*, 42

A.3d 335, 338 (Pa.Super. 2012) (citations omitted). When the PCRA court denies a petition without an evidentiary hearing, we "examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing." *Commonwealth v. Khalifah*, 852 A.2d 1238, 1240 (Pa. Super. 2004).

As discussed, the PCRA court properly found that appellant's claims were either waived or devoid of merit. Because appellant's claims are frivolous and without any support in the record or from other evidence, we conclude that the PCRA court did not err in dismissing appellant's petition without conducting an evidentiary hearing. Accordingly, we affirm the April 12, 2017 order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/17